UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HOWARD MINNEY, II,

      Petitioner,

                                          NO. 2:08-CV-12851
                                          VICTORIA A. ROBERTS
v.                                       UNITED STATES DISTRICT JUDGE

MICHAEL CURLEY,

      Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS</u>**

      John Howard Minney, II ("Petitioner"), a state prisoner currently[1] confined at the Pugsley Correctional Facility in Kingsley, Michigan, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in Monroe County Circuit Court to violating his probation in case number 04-33543 and to new offenses in case numbers 05-34318 and 05-34463. He only challenges his conviction and sentence in case number 05-34463 in which he pled guilty to possession with intent to deliver less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv) (Count 1), possession with intent to deliver methamphetamine/ecstacy, MICH. COMP.

---

[1]Petitioner was incarcerated at the Ojibway Correctional Facility when he originally filed his petition for writ of habeas corpus; however, he has since been transferred to the Pugsley Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rules Governing § 2254 Cases; see also *Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D.Mich.2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

LAWS § 333.7401(2)(b)(1) (Count 2), and to habitual offender second offense, MICH. COMP. LAWS § 769.10. The state trial court sentenced Petitioner to twenty-eight months to thirty years on Count 1 and six years to thirty years on Count 2 to be served concurrently with the sentences in case numbers 04-33543 and 05-34318. Petitioner alleges that he is entitled to habeas relief because the court relied upon facts in sentencing that were neither admitted by him nor found by a jury and because his trial counsel provided constitutionally deficient assistance. Because Petitioner's claims lack merit, this Court **DENIES** the petition for a writ of habeas corpus.

## I.  BACKGROUND

In 2005, Petitioner was on probation for carrying a concealed weapon and delivery of cocaine (case number 04-33543). By continuing to engage in illicit drug activity, Petitioner violated the terms of his probation, which was revoked. He was then charged in case number 05-34318 with possession with intent to deliver cocaine (Count 1), maintaining a drug house (Count 2), and habitual offender third offense. Petitioner was also charged in case number 05-34463 with possession with intent to deliver cocaine (Count 1), possession with intent to deliver methamphetamine/ecstacy (Count 2) ("ecstasy count"), possession with intent to deliver dihydrocodeinone (Count 3), and habitual offender fourth offense. On September 8, 2005, Petitioner pled guilty to violating the terms of his probation and also pled guilty to Count 1 in case number 05-34318, Counts 1 and 2 in case number 05-34463 ,and to habitual offender second offense in both 05-34318 and 05-34463. Pursuant to the plea agreement, the state dropped Count 2 and the habitual offender third offense in case number 05-34318 and

Count 3 and the habitual offender fourth offense in case number 05-34463. The state recommended a six-year minimum prison term for each count to run concurrently to each other and to any sentence imposed for probation violations. Plea Tr., pp. 9-10 (9/8/05).

Before accepting Petitioner's guilty plea in case number 05-34463, the court informed him that the maximum statutory punishment for Counts 1 and 2 was twenty years and that because of the habitual offender second offense notice, the maximum punishment for both would increase to thirty years in prison. *Id.,* pp. 15-16. Petitioner answered affirmatively when the court asked whether he understood the maximum punishment he faced by pleading guilty. *Id.* Petitioner admitted the facts of the offenses:

> THE COURT: And now tell this Court, looking back as File number 34463, what did you do on or about May 5th of 2005 that makes you guilty of these two offenses?
>
> [PETITIONER]: I did possess with intent to deliver less than 50 grams of a mixture containing the controlled substance cocaine.
>
> THE COURT: And by saying with intent to deliver, was that to deliver it to another person?
>
> [PETITIONER]: Yes, sir, your Honor.
>
> THE COURT: And what makes you guilty of Count 2?
>
> [PETITIONER]: I did possess with intent to deliver the controlled substance - -
>
> THE COURT: Ecstasy?
>
> MR. OSMENT [Defense counsel]: Ecstasy.
>
> [PETITIONER]: Ecstasy.

>THE COURT: Okay. And again, that was the intent, to deliver it to another person?
>
>[PETITIONER]: Yes, sir.
>
>* * *
>
>THE COURT: And do you acknowledge your prior conviction for the offense of delivery or manufacture of cocaine less than 50 grams on or about August 27th, 2004 arising out of the Circuit Court for Monroe County and State of Michigan?
>
>[PETITIONER]: Yes, sir.

*Id.*, pp. 18-20. Petitioner was advised of the rights he was waiving by pleading guilty and he signed a plea agreement form. *Id.*, pp 4-11. Petitioner also informed the court that no threats or promises outside of those stated on the record had been made to induce him to plead guilty. *Id.*, p. 17.

The parties did not have a formal sentencing agreement but the state agreed to recommend a minimum sentence of six years. Sent. Tr., pp. 10-13 (10/12/05). The sentencing guidelines range was ten to twenty-eight months for the cocaine count and seventy-two to one-hundred-fifty months for the ecstasy count. *Id.*, p. 4. Defense counsel asked the court to consider that Petitioner's legal problems stemmed from his drug addiction and requested drug treatment and a downward departure from the minimum sentencing guidelines recommendation. *Id.*, pp. 6, 11-12. The court sentenced Petitioner in accordance with the sentencing recommendation endorsed by both parties and gave Petitioner twenty-eight months to thirty years on the cocaine counts and seventy-two months (six years) to thirty years on the ecstasy count. *Id.* pp. 15-17.

Petitioner filed an application for leave to appeal which the Michigan Court of

Appeals denied for "lack of merit." *People v. Minney*, No. 268334 (Mich. Ct. App. Apr. 17, 2006) (unpublished). The Michigan Supreme Court denied leave to appeal in a standard one-sentence order. *People v. Minney*, 476 Mich. 868 (2006). Petitioner filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.502. The trial court denied the motion on August 3, 2007. *People v. Minney,* Nos. 04-33543/05-34463/0534318 (Monroe County Cir. Ct. Aug. 3, 2007) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims. The court denied leave to appeal for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Johnson*, No. 280364 (Mich. Ct. App. Dec. 14, 2007) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which it denied for "failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Minney*, 481 Mich. 911 (2008). Petitioner then filed a timely petition for a writ of habeas corpus raising the following two issues:

    I.    Judicial fact-finding, unsupported by a jury verdict or an admission during the plea proceedings, used to increase the severity of the sentence the trial court was authorized to impose, violated the petitioner's Sixth Amendment right to a jury trial.

    II.    Counsel's performance at sentencing fell below an objective standard of reasonableness, which prejudiced the petitioner with an increase in the severity of punishment and, therefore, violates his Sixth Amendment right to the effective assistance of counsel.

### II. STANDARD OF REVIEW

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, a petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on

5

the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), a petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411. "Rather, it is the habeas applicant's burden to show that the state court

6

applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

### III.  DISCUSSION

#### A.  Challenge to six-year minimum sentence for ecstasy count

In his first claim, Petitioner argues that the court miscalculated the minimum guidelines sentence for his conviction on the ecstasy count. He asserts that the minimum guidelines sentence should be fifty-one months and not seventy-two months. The trial court heard and rejected Petitioner's challenges to the scoring of Sentencing Guidelines offense variables at a re-sentencing hearing held on January 20, 2006. Mot. Tr. at pp. 9-11 (1/20/06). Petitioner argued that he should not have received points for Offense Variable 14 ("OV 14") for being a leader in a multiple-offender situation because no other defendant was charged with the same offenses as him. *Id.*, p. 10. The trial court interpreted the guidelines differently and found that Petitioner was a leader even though co-defendants were charged with different crimes. *Id.,* pp. 10-12. The scoring of OV 14 was purely a matter of state law. A habeas petitioner's claim that the trial court violated state law in sentencing or misapplied state sentencing guidelines raise only issues of state law which are not cognizable on federal habeas review. *Welch v. Burke*, 49 F.Supp.2d 992, 1009 (E.D. Mich. 1999); *Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

Petitioner also frames his challenge as an argument that his sentence for the ecstasy count is constitutionally infirm because it exceeds the statutory maximum and was based upon facts found only by the court and not by a jury beyond a reasonable

7

doubt as required by the decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakley v. Washington,* 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court held "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely*, 542 U.S. at 303.

Petitioner appears to be arguing that he never admitted to the facts the court relied upon in scoring the offense variables that led to the calculation of a minimum sentence of 72 months. As an initial matter, the plea agreement was placed on the record during the plea hearing and the court recited the parties' understanding that the prosecutor would be recommending a minimum sentence of seventy-two months. Plea Tr., p. 10. More importantly, Petitioner admitted facts exposing him to twenty years imprisonment for the ecstasy count under MICH. COMP. LAWS § 333.7401(2)(b)(1) and the prior conviction upon which the sentencing enhancement was based, which exposed him to a thirty-year maximum term under MICH. COMP. LAWS § 769.10. Petitioner also acknowledged that he understood what the statutory maximum punishment was and how the habitual offender enhancement increased the potential maximum from twenty to thirty years.

It is permissible "for judges to exercise discretion - taking into consideration various factors relating both to offense and offender - in imposing a judgment *within the range* prescribed by statute. [The Supreme Court has] often noted that judges in this

country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case." *Apprendi*, 530 U.S. at 481 (emphasis in original). The *Apprendi* rule is not triggered if a defendant is sentenced below the prescribed statutory maximum. *Harris v. United States*, 536 U.S. 545, 567-69 (2002). In this case, there is simply no dispute that Petitioner's minimum sentence of six years is within statutory limits.

Petitioner attempts to argue that the trial court nonetheless violated *Blakely* in issuing his sentence. As has been explained by this court on numerous occasions:

> Unlike the determinate sentencing scheme at issue in *Blakely*, Michigan law provides for an indeterminate sentencing scheme. Under Michigan law the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 475 Mich. 140, 160-61, 715 N.W.2d 778, 789-90 (2006); *People v. Claypool*, 470 Mich. 715, 730 n. 14, 684 N.W.2d 278, 286 n. 14 (2004); MICH. COMP. LAWS § 769.8. "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161, 715 N.W.2d at 790. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n. 7, 666 N.W.2d 231, 236 n. 7 (2003) (discussing MICH. COMP. LAWS § 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *See Claypool,* 470 Mich. at 730 n. 14, 684 N.W.2d at 286 n. 14.
>
> *Blakely* is inapplicable here because *Blakely* is concerned only with the maximum penalty which is authorized by a jury's findings or a defendant's plea: if some additional factor increases the defendant's penalty beyond that which could be imposed solely on the basis of the jury's findings or the defendant's plea, *Blakely* requires that those facts be found by a jury beyond a reasonable doubt (or be themselves pleaded to by a defendant). As explained above, unlike the guidelines scheme at issue in *Blakely,* the Michigan sentenc[ing] guidelines help determine only the minimum portion of a defendant's indeterminate sentence. The maximum is, in every case, the statutory maximum authorized by law. *See Claypool,* 470 Mich. at 730 n. 14, 684 N.W.2d at 286 n. 14; MICH. COMP. LAWS § 769.8.

> Petitioner's conviction, therefore, contained all of the factual findings necessary to impose the statutory maximum on that charge. *See Drohan*, 475 Mich. at 162, 715 N.W.2d at 790 ("Thus, the trial court's power to impose a sentence is always derived from the jury's verdict, because the 'maximum-minimum' sentence will always fall within the range authorized by the jury's verdict.").

*Swaizer v. Davis*, 06-14451, 2009 WL 722610, at *10 (E.D. Mich. Mar. 17, 2009) (Zatkoff, J.); *see also Stewart v. Romanowski*, No. 06-12252, 2009 WL 1272079, at *6-7 (E.D. Mich. Apr. 28, 2009) (Rosen, J.); *Mays v. Trombley*, No. 06-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006) (Hood, J.); *Worley v. Palmer*, No. 06-13467, 2006 WL 2347615, at *2 (E.D.Mich. Aug.11, 2006) (Cohn, J.).  Recently, the Sixth Circuit rejected an identical *Blakely* challenge to judicial fact finding under Michigan's Sentencing Guidelines that affect a defendant's minimum sentence.  *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[F]ocusing on Chontos's minimum sentence misses *Apprendi's* point.  The Sixth Amendment jury trial right simply ensures that the defendant will never get more punishment than he bargained for when he did the crime; it does not promise that he will receive anything less than that.") (citations and quotation marks omitted).

As noted above, the trial court in this case accepted the sentence recommended by the parties at the plea hearing.  Even if the trial court had made additional factual findings in imposing the minimum term of Petitioner's imprisonment, there is no *Blakely* violation.  The Supreme Court has repeatedly made clear that the *Apprendi* rule is concerned only with the maximum sentence which is authorized by a jury's verdict or a defendant's plea.  As the Supreme Court explained:

> *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered

10

>an element of an aggravated crime - and thus the domain of the jury-by those who framed the Bill of Rights. The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict [or defendant's plea] authorized the judge to impose the minimum with or without the finding.

*Harris,* 536 U.S. at 557. "Michigan's indeterminate sentencing guideline scheme, under which the maximum is established by statute and only the minimum term is based on judicial fact finding, does not violate the Sixth Amendment." *Swaizer,* 2009 WL 722610, at *11(string citation omitted).

The decisions of the Michigan courts were not contrary to federal law, did not involve an unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to habeas relief on this claim.

### B. Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was constitutionally ineffective for failing to ensure that his sentencing guidelines were correctly scored so that he received a minimum sentence of fifty-one months instead of seventy-two months. Petitioner did not raise this issue below but raised a different ineffective assistance of counsel claim in the state courts. A federal court may not grant a writ of habeas corpus unless the applicant has exhausted available remedies in state court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A). While Petitioner raised an ineffective assistance of trial counsel claim in the state courts, it involved a different factual allegation. Respondent has not raised the exhaustion issue. Because this court concludes that Petitioner's ineffective assistance of counsel claim lacks merit, it will address it. *Wagner*, 581 F.3d at 419 (when presented with a petition containing

exhausted and unexhausted claims, a federal habeas court may ignore the exhaustion requirement and deny the petition if none of a petitioner's claims have merit) (citing *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009)); 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

The Sixth Amendment guarantees the accused in a criminal proceeding the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* established a two-part test for evaluating claims of ineffective assistance. First, a defendant must show that counsel's performance was deficient by demonstrating that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* At 694. In the context of assistance of counsel claims arising out of the plea process, the *Strickland* prejudice requirement is satisfied when a defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The trial court rejected Petitioner's appellate counsel's argument for an adjustment on the offense variable score suggesting that trial counsel's performance was not deficient. In any event, Petitioner cannot establish prejudice under *Hill*. No where in his petition does he allege that but for counsel's alleged failure to investigate

the "factual basis" for the scoring of offense variables under the sentencing guidelines he would have rejected the plea agreement and chosen instead to go to trial. Nothing in the record even hints at such a prospect. Petitioner agreed to the six-year minimum sentence. Petitioner has not established prejudice on his ineffective assistance of trial counsel claim because it is unaccompanied by an allegation that he would have gone to trial but for counsel's alleged errors. *Hill*, 474 U.S. at 371. Assuming for the sake of argument that counsel made errors, the absence of such errors would have reduced Petitioner's sentence. Petitioner simply could not claim that he would have rejected a plea deal with less time. Petitioner's claim borders on frivolous. Petitioner is not entitled to habeas relief on this claim.

## IV.  CONCLUSION

The court will deny the petition for a writ of habeas corpus. In accordance with recently amended Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, this court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected constitutional claims on the merits, the substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a claim on procedural grounds, a certificate of appealability "should issue when a prisoner shows, at least, that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

For the reasons set forth in this opinion, the court finds that reasonable jurists would not find the court's decision to deny the ineffective assistance of counsel claim or the decision to deny the claim based upon an alleged mis-scoring of offense variables debatable or wrong. The court will therefore deny a certificate of appealability on these claims.

In a recent decision, the Sixth Circuit reaffirmed the principle that judicial fact finding that increases a defendant's minimum sentence does not run afoul of *Blakely*. *Arias v. Hudson*, ___ F.3d ___, 2009 WL 4826981 (6th Cir. Dec. 16, 2009). The decision however notes that the United States Supreme Court recently granted certiorari in a case involving fact finding that increased a defendant's minimum sentence. *Id.,* at *3 (citing *United States v. O'Brien*, 130 S.Ct. 49 (2009)). In light of this development, the court determines that jurists of reasons could find this court's resolution of the *Apprendi/Blakely* issue debatable. The court will therefore grant a Certificate of Appealability on this issue only.

## V.  ORDER

The Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.** A Certificate of Appealability is **GRANTED** as to the *Apprendi/Blakely* claim and is **DENIED** with respect to all other claims.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 30, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and John Howard Minney II by electronic means or U.S. Mail on December 30, 2009.

s/Carol A. Pinegar
Deputy Clerk